UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NELSON RODRIGUEZ,

    *Plaintiff,*

v.

MASSACHUSETTS SECRETARY OF STATE,

    *Defendant.*

No. 25-cv-11908-PGL

# REPORT AND RECOMMENDATION ON PLAINTIFF'S FAILURE TO EFFECT SERVICE

LEVENSON, U.S.M.J.

This matter concerns the registration of a business trust filed by pro se plaintiff Nelson Rodriguez. The Court has issued a summons. Plaintiff, however, has not timely filed proof of service demonstrating that the summons has been served upon Defendant.[1] The Court issued an Order to Show Cause on October 7, 2025, allowing additional time to serve Defendant or to obtain consent to waive service. Plaintiff has not responded and there has been no further activity on the docket. Accordingly, I recommend that the matter be dismissed.

**I.    Procedural History**

On July 3, 2025, Plaintiff filed a pro se complaint in the U.S. District Court for the District of Massachusetts and paid the filing fee; the matter was assigned to me the same day. Docket Nos. 1–4. On July 3, 2025, the Court issued a summons as to Defendant Massachusetts

---

[1] Alternatively, if a Defendant consents to accept informal service pursuant to Federal Rule of Civil Procedure 4(d), a Plaintiff may file a waiver of service, instead of proof of service.

Secretary of State. *See* Docket No. 3. On October 7, 2025, I used an order notifying Plaintiff that the action was subject to dismissal unless Plaintiff showed good cause for the failure to make service, and ordering Plaintiff to file a motion no later than October 24, 2025, that states the reasons for the failure to serve and requests an extension of time. Docket No. 5. The order also notified Plaintiff of Local Rule 4.1. Docket No. 5 at 2. Copies of the summonses were enclosed with the order. Docket No. 6. To date, the Court has not received any motion nor any notice that the summonses were served, and there has been no further activity on the docket.

**II.     Relevant Rules**

Rule 4 of the Federal Rules of Civil Procedure governs the service of the summons and the complaint upon Defendant. Rule 4(m) states as follows, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Local Rule 4.1 augments Federal Rule of Civil Procedure 4 as follows, in relevant part:

> **(a) Time Limit.** Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).
>
> **(b) Showing of Good Cause for Failure to Comply.** Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court. The clerk shall furnish a copy of this local rule to counsel or pro se plaintiffs, together with the summons. Such notice shall constitute the notice required by Fed. R. Civ. P. 4(m). No further notice need be given by the court.
>
> L.R. 4.1.

**III.    Order**

Under the Federal Rules of Civil Procedure and the Local Rules, Plaintiff's complaint is deemed unserved, and Plaintiff has not made any motion to demonstrate good cause. Accordingly, I recommend dismissal of the matter, and I direct the Clerk to redraw the matter to a District Judge to consider this recommendation.

/s/ Paul G. Levenson<br>
Paul G. Levenson<br>
U.S. MAGISTRATE JUDGE

Dated: November 26, 2025

NOTICE OF RIGHT TO OBJECT

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).